IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              No. CV-05-0692 LH/WDS
                                                  CR-94-747 LH

DENNIS RAY JONES,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's response to the order of July 13, 2005, and for further consideration of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 99) filed June 20, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant was convicted of drug and firearm charges, and the Court of Appeals for the Tenth Circuit affirmed his conviction. *See United States v. Jones*, No. 96-2061, 1998 WL 4355 (10th Cir. Jan. 8, 1998). On March 30, 1998, the Supreme Court denied Defendant's petition for writ of certiorari. *See Jones v. United States*, 523 U.S. 1054 (1998). This Court's order of July 13 required Defendant to show cause why his § 2255 motion should not be dismissed as barred by the one-year statute of limitations.

      In his § 2255 motion, Defendant claims his conviction and sentence violate certain constitutional protections. He asserts a Confrontation Clause claim based on the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004). His claim of illegal sentence is based on the decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005). In his response to the July 13 order, Defendant argues that the Court of Appeals for the Tenth Circuit authorized the filing of this § 2255 motion and, furthermore, his motion

should be considered timely filed.

Defendant first asserts that his filing is authorized by the Court of Appeals for the Tenth Circuit. The Tenth Circuit's order (CR Doc. 98) states that, because this is Defendant's first § 2255 motion, he was not required to obtain authorization from the appellate court before filing the instant motion. *See* 28 U.S.C. § 2244(b)(3)(A). The Tenth Circuit's order does not authorize, much less require, consideration of the merits of Defendant's § 2255 motion.

Defendant argues that his motion should be considered timely, in light of the Supreme Court's decisions in *Crawford* and *Booker*. This argument invokes certain statutory provisions for restarting the running of the statute of limitation in § 2255(3). The applicable provisions state: "The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(3). Even assuming for purposes of this order that *Crawford* and *Booker* recognize new rights, these decision have not been made retroactive on collateral review of a criminal sentence. *See Brown v. Uphoff*, 381 F.3d 1219, 1227 (10th Cir. 2004); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. June 16, 2005). Defendant's § 2255 motion is not timely under § 2255(3), and the Court will dismiss the motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 99) filed June 20, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE